FILED

2023 Jan-17  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **JOSEPH HOLT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO:** 2:22-cv-01501-JHE |
| **ORION REAL ESTATE SERVICES,** | ) | |
| **INC. d/b/a ALLIED ORION** | ) | |
| **GROUP, and the HOUSING** | ) | **JURY TRIAL DEMANDED** |
| **AUTHORITY OF THE** | ) | |
| **BIRMINGHAM DISTRICT,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# FIRST AMENDED COMPLAINT

NOW COMES Plaintiffs, Joseph Holt, pursuant to Rule 15(a) of the Federal Rules

of Civil Procedure and files his First Amended Complaint against Defendants

Orion Real Estate Services and the Housing Authority of the Birmingham District.

All previously named individual Defendants not listed as Defendants within this

Complaint are hereby voluntarily dismissed pursuant to Rule 41 of the Federal

Rules of Civil Procedure. The Defendants Orion Real Estate Services and the

Housing Authority of the Birmingham District are the only remaining Defendants

for which the Plaintiff will proceed at this time.

## JURISDICTION AND VENUE

1

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §, 1331, 1343(4), and §2201 and/or 42 U.S.C. §3613 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), because the conduct complained of herein took place in this District, and is also proper pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), because the acts and omissions complained of herein occurred in this District, and because, at all times material and relevant, Defendants resided in and transacted business in this District.

**PARTIES**

3.      Plaintiff Joseph Holt ("Holt") is over the age of 19 years and a resident of Jefferson County, Alabama.

4.      Defendant Allied Orion Group, registered in Alabama as Orion Real Estate Services, Inc., ("Orion"), is a foreign corporation incorporated in and with its principal place of business in Texas.

2

5.    Defendant Housing Authority of the Birmingham District ("HABD") is a domestic non-profit corporation located and doing business in Jefferson County, Alabama.

**STATEMENT OF FACTS**

6.    Orion has received several contracts from HABD to manage various public housing facilities in the city of Birmingham, including Collegeville Center and Roosevelt City Apartments.

7.    Joseph Holt is a Black man who owns his own contracting business, H+H Contracting, performing various building and home repair jobs such as painting, sheetrock, HVAC repair, plumbing, and roofing.

8.    The general method that Orion uses to award contract work at the relevant sites run by Orion is the following:

     a.    Contractors submit bids for each individual job;

     b.    Orion compares the prices of the bids;

     c.    Orion negotiates money and time amounts with the contractor;

     d.    Orion selects the cheapest bid.

9.    Beginning in 2018, Holt began winning bids and entering into contracts with Orion to perform various services at Collegeville Center and Roosevelt City Apartments.

10.    James Goins is a white man who worked at Orion as a HABD Inspector, inspecting repair jobs before and after the repair and telling subcontractors what needs to be done, and comparing completed work against submitted invoices.

11.    Mario Garcia is a Hispanic man who worked as a District Management Supervisor with Orion.

12.    Prior to November 2018 Holt's relationship with the direct supervising manager of the Collegeville property at Orion (Jackie Ray) was good, but his relationship with Goins was not. Goins did not want Holt receiving jobs from Orion and would delay payment of invoices because he thought a Black man should not be making as much money as Holt was.

13.    On November 12, 2018, Garcia told managers at Orion to stop Holt's company from winning bids and began trying to lure the Hispanic workers who worked for Holt's company into working for Garcia instead.

14.    Garcia told some of Holt's workers that they shouldn't be working for a Black person.

15.    Garcia and another Orion employee even started another contracting company to compete with Holt's company. Garcia's company did recruit some of Holt's employees. Garcia's company also represented a conflict of interest for

4

Garcia himself in his position with Orion, as he had influence in setting the criteria and prices for the same jobs for which his new company was bidding.

16.     Garcia luring away Holt's workers and intentionally taking away business that otherwise would have gone to Holt's company cost Holt's company over $80,000.

17.     Garcia later called David Cortez and asked, told, or convinced Cortez to place Holt's company on vendor suspension, which Cortez did.

18.     Garcia was able to assign jobs to his own company without going through the bidding process.

19.     Garcia's company did not have liability insurance, workers' compensation, or the requisite vendor package, but the company was allowed to do work anyway while Holt's company was required to maintain all of those in order to work.

20.     Garcia's company received this favoritism both because of Garcia's connection to Orion and because Holt was Black and Garcia was Hispanic.

21.     On September 10, 2019, Goins inspected a tile and sheetrock repair that Holt did at Collegeville Center and told the resident there that the work "looks like sh*t" and called Holt's company "a piece of trash."

22.     The repair work done at this job was actually done correctly, and Goins simply did not want Holt to be paid for his work. No other contractor was

called to redo the work that Goins claimed to be inadequate, and yet Goins refused to sign Holt's invoice for the work.

23.   The invoice was later turned into Ray and paid.

24.   Holt discussed this incident with Ray, who had a talk with Goins about Holt's work. Ray called the resident who Goins spoke with and confirmed what was said, and Ray confirmed to Holt that it was inappropriate.

25.   On September 13, 2019, Goins first got into a heated argument with a different Black contractor at the Roosevelt property, and then came angrily over to Holt and told him "I'm going to run you off next, ni**er!"

26.   Holt reported this incident first to Ray, and then tried to report it to Orion's corporate human resources office in Texas. However, the corporate office told him that they don't take complaints from contractors and that if he had a problem, he just had to deal with it if he wanted to keep working with Orion.

27.   On September 25, 2019, Holt was told by Susan Jarvis that he could no longer bid for air conditioning, heating, or plumbing jobs offered by Orion.

28.   No real reason was given for this disqualification, and in fact there was no legitimate basis. Holt's business had all of the required licenses to be allowed to bid for these contracts.

29.   This disqualification cost Holt over $100,000, from contracts that he would have bid on and won due to being either the lowest or the only bidder

30.     Holt being unable to bid on these contracts cost his company over $100,000, because there were jobs that he would have received as either the lowest or the only bid.

31.     On September 30, 2019, Goins told Holt that he was just going to deny all of Holt's pending invoices, due to the fact that he was quitting his job with Orion and he was tired of helping Black people make money by checking their invoices. Goins quit, and after that Holt had to wait about two months longer than normal to have his invoices approved. Holt reported this racially hostile language to Ray and to Orion's Human Resources department.

32.     All of Holt's invoices were eventually paid, but some of them only after Holt reported Orion to HABD.

33.     On November 13, 2019, Garcia told one of Holt's workers that she and her husband should come work for Garcia instead, and that they didn't "have to work for a Black piece of trash anymore."

34.     The harassment from Garcia continued steadily.

35.     Ana Candelario was hired as a regional manager for Orion, and she and Garcia held a weekend event for contractors that Garcia told Holt he was not allowed to come to.

36.     Candelario and Garcia sought out another Hispanic contractor named Pedro and urged him to undercut Holt's bids.

37.    On November 23 and 24, 2019, Candelario and Garcia allowed Pedro's company to work a paint job without liability insurance, workers' compensation insurance, or a proper vendor setup. Meanwhile, when Holt's insurance lapsed for a day, another Orion employee refused to allow him on any property as per Orion policy. Holt had to pay for his own insurance, but Candelario began paying for Pedro's company's insurance.

38.    Candelario and Garcia personally profited from this scheme.

39.    Candelario told Ray that she only wanted Pedro to work.

40.    Garcia told Holt that he would have to pay a $2,000 per month kickback for the privilege of bidding on contract work at Collegeville Center and Roosevelt City Apartments. Holt did not pay, so Garcia did not allow him to bid on work at those properties.

41.    As a recipient of federal funding, Orion has an obligation to abide by the non-discrimination requirements of § 1981.

42.    HABD has an obligation to ensure that the contractors that it distributes federal funding to are abiding by the non-discrimination requirements of § 1981.

43.    HABD failed to have sufficient oversight and supervision processes and policies in place to ensure that the contractors chosen were in fact abiding by the § 1981 non-discrimination requirements.

44.     HABD knew or should have known of the racist treatment to which Plaintiff was subjected.

## CAUSES OF ACTION

## CLAIM I: BREACH OF CONTRACT

## DEFENDANT ORION

45.     Plaintiffs adopt and reallege each and every allegation in paragraphs 1-44 of this complaint as if fully set out herein.

46.     Over the time period described in this complaint, Plaintiff and Defendant Orion entered into numerous contracts for repair work at the Orion-managed Collegeville Center and Roosevelt City Apartments.

47.     Plaintiff's work was consistently performed satisfactorily and in line with expectations.

48.     Defendant Orion, because of the actions of its discriminatory employees, often did not pay Plaintiff in a timely manner for work completed, as required by the contracts and agreements between the parties and Ala. Code § 8-29-3.

49.     These delays cost Plaintiff money, diminishing his ability to expand his business by taking more jobs and purchasing more materials.

50.     Additionally, the racial harassment and discrimination undertaken by Defendant Orion's employees, imputable to Defendant Orion via the doctrine of

9

*respondeat superior*, caused Defendant Orion's properties to be an unsafe and dangerous environment for Plaintiff to work in and violating the nondiscrimination policy required in the contract as per HABD and federal funding.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs demand judgment for compensatory damages for breach of contract, in an amount to be determined, for some or all of the acts as heretofore described above. Plaintiffs allege that because of the above each suffered humiliation and shame and mental distress.

## <u>CLAIM II: § 1981 RACIAL DISCRIMINATION</u>
## <u>AGAINST ALL DEFENDANTS</u>

51.   Plaintiffs adopt and reallege each and every allegation in paragraphs 1-44 of this complaint as if fully set out herein.

52.   Plaintiff is a Black man.

53.   Plaintiffs were subject to racial harassment and discrimination as described above at Defendant Orion's place of business, causing interference with Plaintiff's rights under existing contracts.

54.   Plaintiff was routinely prevented by Defendant Orion from bidding on projects offered by Defendant Orion because of his race, while white and Hispanic subcontractors were not disallowed.

55.    Plaintiff was prevented from working on some projects because of a brief lapse in insurance coverage, while a Hispanic subcontractor was given special treatment by Defendant Orion.

56.    The actions of Defendant Orion harassing and discriminating against Plaintiff was taken intentionally and because of Plaintiff's race.

57.    Defendant HABD failed to adequately ensure that its federal contractor, Defendant Orion, was properly treating Black subcontractors like Plaintiff equitably.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs demand judgment for compensatory and punitive damages under Section 1981, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiffs allege that because of the above each suffered humiliation and shame and mental distress.

<u>**CLAIM IIi: § 1981 RETALIATION**</u>

<u>**AGAINST ALL DEFENDANTS**</u>

58.    Plaintiffs adopt and reallege each and every allegation in paragraphs 1-44 of this complaint as if fully set out herein

59.   On multiple occasions, Plaintiff reported the harassment that he faced at the hands of Defendant Orion up the corporate ladder within Orion's business structure.

60.   Instead of addressing the issue after Plaintiff reported the disparate treatment, Defendant Orion continued and worsened the abuse and discrimination as punishment for daring to speak up.

61.   Defendant Orion also installed new prohibitions against Plaintiff's ability to bid on and win contracts shortly after Plaintiff spoke up against the discriminatory treatment and behavior.

62.   Defendant Orion took the above detrimental actions on Plaintiff's work environment and ability to win new contracts in part because of Plaintiff reporting the harassment.

63.   Defendant HABD failed to adequately ensure that its federal contractor, Defendant Orion, was properly treating Black subcontractors like Plaintiff equitably.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs demand judgment for compensatory and punitive damages under Section 1981, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiffs allege that because of the above each suffered humiliation and shame and mental distress.

## CLAIM IV: § 1981 HOSTILE WORK ENVIRONMENT

## AGAINST ALL DEFENDANTS

64. Plaintiffs adopt and reallege each and every allegation in paragraphs 1-44 of this complaint as if fully set out herein

65. The above mentioned harassment by Defendants became so significant and constant as to render Plaintiff's work environment on the job hostile and abusive.

66. As is predicable when someone is confronted with a constant stream of racist abuse, this harassment caused Plaintiff significant mental and emotional damage.

67. Defendant HABD failed to adequately ensure that its federal contractor, Defendant Orion, was properly treating Black subcontractors like Plaintiff equitably.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs demand judgment for compensatory and punitive damages under Section 1981, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiffs allege that because of the above each suffered humiliation and shame and mental distress.

13

## **PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request the following relief:

a.      That this Court render a judgment finding the Defendants liable for the aforementioned causes of action;

b.      That is Court issue an Order requiring the Defendants to pay the Plaintiffs an award of damages to compensate emotional, physical, and psychological injury;

c.      An award of punitive damages;

d.      Appropriate injunctive relief issue against Defendants;

e.      That this Court issue an Order requiring the Defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action pursuant to 42 U.S.C. 1988; and

f.      All other relief to which Plaintiffs are entitled or that the Court deems just and proper.

Respectfully submitted this the 17th day of January 2023,

*/s/ Richard A. Rice*
**RICHARD A. RICE**
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

14

THE RICE FIRM, LLC
PO BOX 453, Birmingham, AL 35201
P: 205.618.8733
F: 888.391.7193
E: rrice@rice-lawfirm.com


<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>


DEFENDANTS MAY BE SERVED AT THE ADDRESSES BELOW.

ORION REAL ESTATE SERVICES
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

HOUSING AUTHORITY OF THE BIRMINGHAM DISTRICT
1826 3rd Ave S,
Birmingham, AL 35233