FILED

2023 Feb-11  PM 07:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HOLT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:22-CV-01501 JHE** |
| **ORION REAL ESTATE SERVICES** | ) | |
| **INC. d/b/a ALLIED ORION GROUP,** | ) | |
| **HOUSING AUTHORITY OF THE** | ) | |
| **BIRMINGHAM DISTRICT, et.al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

___

## DEFENDANT HOUSING AUTHORITY OF THE BIRMINGHAM DISTRICT
## MOTION TO DISMISS

___

Pursuant to Rule (12(b)(6) of the Federal Rules of Civil Procedures, Defendant Housing Authority of the Birmingham District ("HABD") hereby moves this Court for an order dismissing all claims made against it by Plaintiff, Joseph Holt for failure to state a claim on which relief may be granted. In support of their Motion to Dismiss, Defendant submits the following:

### INTRODUCTION

Plaintiff, Joseph Holt ("Holt") and individual over the age of 19 years and a resident of Jefferson County, filed the instant Amended Complaint in the United States District Court for the Northern District of Alabama, alleging breach of contract, 42 U.S.C. §1981 racial discrimination, 42 U.S.C. §1981 retaliation, and 42 U.S.C. §1981 hostile work environment by Defendant HABD. Plaintiff's claims against HABD fail to state a claim for which relief may be granted. Plaintiff

provides no viable legal theory or factual support for his claims against HABD. Therefore, Plaintiff's claims against HABD should be dismissed.

## SUMMARY OF THE FACTS

A summary of the facts from the Plaintiff's Amended Complaint are that Joseph Holt is black man who owns his own contracting business, H+H Contracting, performing various building and home repairs such as painting, sheetrock, HVAC repair plumbing, and roofing. That beginning in 2018, Holt's company H+H Contracting began winning bids and entering into contracts with Defendant Orion Real Estate Services, Inc. d/b/a Allied Orion Group ("Orion") to perform various services at Collegeville Center and Roosevelt City Apartments. *See Amended Complaint p.3.* Holt states that James Goins[1] ("Goins") is a white man who worked at Orion as a Orion as a HABD Inspector, inspecting repair jobs before and after the repair and telling subcontractors what needs to be done, and comparing completed work against submitted invoices. Holt states that Mario Garcia ("Garcia") is a Hispanic man who worked as a district management supervisor for Orion. Holt states that prior to the employment of Goins his relationship with Orion was good. Holt states Goins did not want him receiving jobs from Orion and would delay payment of invoices because Goins thought a black man should not be making as much money as Holt. Holt states that on November 12, 2018, Garcia told managers at Orion to stop Holt's company from winning bids and began trying to lure the Hispanic workers who worked for Holt's company into working for Garcia instead. Holt states that Garcia told some of his workers that they shouldn't be working for a black person. Holt states that Garcia and another Orion employee even started another contracting company to compete with his company. Holt states that Garcia's company did recruit some of his

---

[1] A search of HABD records reveal that James Goins is not an employee of HABD.

employees. Holt states Garcia luring away his workers and intentionally taking away business that otherwise would have gone to his company cost his company over $80,000. Holt states that Garcia had his company placed on vendor suspension by David Cortez[2] ("Cortez"). Holt states that Garcia was able to assign jobs to his own company without going through the bidding process. Holt states that Garcia's company did not have liability insurance, workers' compensation, or the requisite vendor package, but the company was allowed to do work anyway while his company was required to maintain all of those in order to work. Holt states that Garcia's company received this favoritism both because of Garcia's connection to Orion and because he was black and Garcia was Hispanic. Holt states that on September 10, 2019, Goins inspected a tile and sheetrock repair that he did at Collegeville Center and told the resident there that the work "looks like sh*t" and called his company "a piece of trash." Holt states that the repair work done at this job was actually done correctly, and Goins simply did not want him to be paid for his work. Holt states no other contractor was called to redo the work that Goins claimed to be inadequate, and yet Goins refused to sign his invoice for the work. Holt states that the invoice was later turn into to Jackie Ray[3] ("Ray") and paid. Holt states that he discussed this incident with Ray, who had a talk with Goins about Holt's work. Holt states that Ray called the resident who Goins spoke with and confirmed what was said, and Ray confirmed to him that it was inappropriate. Holt states that on September 13, 2019, Goins first got into a heated argument with a different black contractor at the Roosevelt property, and then came angrily over to him and told him " I'm going to run you off next ni**er!" Holt states that he reported the incident first to Ray, and then tried to report it to Orion's corporate human resources office in Texas. Holt states that the corporate office told him that they don't take complaints from contractors and that if he had a problem, he just had to deal with it if he wanted

---

[2] David Cortez is an employee of Orion and is not an employee of HABD.
[3] Jackie Ray is the supervising manager of the Collegeville property for Orion and not an employee of HABD.

to keep working with Orion. Holt states that on September 25, 2019, he was told by Susan Jarvis[4] ("Jarvis") that he could not longer bid for air conditioning, heating, or plumbing jobs offered by Orion. Holt states that no real reason was given for this disqualification and in fact there was no legitimate basis. Holt states that his business had all of the required licenses to be allowed to bid for these contracts. Holt states that this disqualification cost him over $100,000 from contracts that he would have bid on and won due to being either the lowest or the only bidder. Holt states that on September 20, 2019, Goins told him that he was just going to deny all of his pending invoices, due to the fact that he was quitting his job with Orion and he was tired of helping black people make money by checking their invoices. Holt states that Goins quit and after that he had to wait about two months longer than normal to have his invoices approved. Holt states that he reported this racially hostile language to Ray and to Orion's Human Resources department. Holt states that his invoices were eventually paid, but some of them only after he reported Orion to HABD. Holt states that on November 13, 2019 Garcia told one of his workers that she and her husband should come work for Garcia instead and that they didn't have to work for a black piece of trash anymore. Holt states that the harassment from Garcia continued steadily. Holt states that Ana Candelario[5] ("Candelario") was hired as a regional manager for Orion, and she and Garcia held a weekend event for contractors that Garcia told him, he was not allowed to come to. Holt states that Candelario and Garcia sought out another hispanic contractor named Petro and urged him to undercut his bids. Holt states that on November 23 and 24, 2019, Candelario and Garcia allowed Pedro's company to work a paint job without liability insurance, workers' compensation insurance, or a proper vendor setup. Holt states that Candelario and Garcia personally profited from this scheme. Holt states that Candelario told Ray that she only wanted Pedro to work. Holt states that

---

[4] Susan Jarvis is employee of Orion and not an employee of HABD.
[5] Ana Candelario is an employee of Orion and not an employee of HABD.

Garcia told him that he would have to pay $2,000 per month kickback for the privilege of bidding on contract work at Collegeville Center and Roosevelt City Apartments. Holt states that he did not pay, so Garcia did not allow him to bid on the work at those properties.

<u>**PLAINTIFF'S ALLEGATIONS AS TO HABD**</u>

The Plaintiff alleges under Claim II, III and IV that HABD failed to adequately ensure that its federal contractor, Defendant Orion, was properly treating black subcontractors like Plaintiff equitably under Section 1981. *See Complaint, Doc. 3 p.11.*

<u>**STANDARD OF REVIEW**</u>

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC,* 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## ARGUMENT

A. Plaintiff Fails to State a Section 1981 Claim Against HABD

Plaintiff assert a race discrimination, retaliation, and hostile work environment claims against Defendant HABD pursuant to 42 U.S.C. § 1981. Section 1981 guarantees all persons the equal right to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a) (2007). The statute defines "make and enforce" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 is not a comprehensive remedy for all types of racial injustice; rather, it "offers relief when racial discrimination blocks the

creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, as long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 126 S. Ct. 1246, 1250, 163 L. Ed. 2d 1069 (2006). Accordingly, in order to establish a claim under Section 1981 a plaintiff "must initially identify an impaired 'contractual relationship under which the plaintiff has rights." Mack v. AAA Mid-Atlantic, Inc., 511 F. Supp. 2d 539, 544 (2007). The Plaintiff has failed to identify an impaired contractual relationship with HABD in which the Plaintiff has rights.

HABD management agreement/contract was with Orion for the management of Collegeville Center and Roosevelt City/Benjamin Greene for property management services. It is undisputed that Plaintiff lacked a preexisting contractual relationship with HABD. *See Complaint Doc. 3 p.9.* Plaintiff alleged that HABD had a duty to ensure that its federal contractor, Defendant Orion, was properly treating black subcontractors like Plaintiff equitably. In *General Bldg. Contractors Ass'n v. Pa.,* 458 U.S. 375, 378 (1982), the Court stated that "employers and trade associations cannot be held vicariously liable under 42 USC 1981 for the discrimination practiced by a union in its operation of a hiring hall on the theory that the hiring hall is a "joint enterprise" involving the employers and trade associations as well as the union, where there is no basis in the record for finding that the employers and trade associations have a right to control the union in its administration of the hiring hall and where the assumption that the hiring hall is a separate entity is of doubtful validity, except perhaps as a physical structure." That HABD and Orion is not a joint enterprise. In this current case the Plaintiff is attempting to place a duty on HABD that does not exist. The Plaintiff did not have a contractual relationship with HABD nor did the Plaintiff make

any allegations that the Plaintiff attempted to contract with HABD. Thus, there was no preexisting relationship between Plaintiff and HABD that could form the basis of a Section 1981 claim.

## CONCLUSION

Therefore, the Plaintiff fails to state a claim on which relief can be granted in violation of Rule 12(b)(6) by failing to plead a viable legal theory against HABD, this Court should dismiss Plaintiff's Amended Complaint and the claims against HABD.

Respectfully submitted this 11th day of February 2023.

/s/ Jameria Johnson Moore
One of the Attorneys for Defendant
Housing Authority of the Birmingham
District

**OF COUNSEL:**

Jameria Johnson Moore
Sperling & Moore, PC
1037 22nd Street South, Suite 120
Birmingham, Alabama 35205
Telephone: (205) 868-3016
Facsimile: (205) 868-3017
E-mail: jjm@sperlingmoore.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the

CM/ECF system and service will be perfected upon the following this the 11th day of February

2023:

Attorney Richard Rice
The Rice Firm, LLC
PO Box 453
Birmingham, Alabama 35201
Telephone: 205-618-8733
Fax: 888-391-7193
rrice@rice-lawfirm.com

Respectfully submitted,

/s/ Jameria Johnson Moore
One of the Attorneys for Defendants
Housing Authority of the Birmingham
District