FILED
2023 Apr-03  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH HOLT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | 2:22-CV-01501-AMM |
| ORION REAL ESTATE | § | |
| SERVICES, INC., d/b/a ALLIED | § | |
| ORION GROUP, and the HOUSING | § | |
| AUTHORITY OF THE | § | |
| BIRMINGHAM DISTRICT, | § | |
| | § | |
| Defendants. | | |

## DEFENDANT ORION REAL ESTATE SERVICES SOUTHEAST, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendant, Orion Real Estate Services Southeast, LLC ("Defendant"), incorrectly named in the First Amended Complaint as "Orion Real Estate Services, Inc. d/b/a Allied Orion Group," and hereby responds to the allegations contained in Plaintiff's First Amended Complaint paragraph by paragraph, as follows:

### JURISDICTION AND VENUE

1.    Defendant admits that this Court has subject matter jurisdiction but denies any wrongdoing and the commission of any unlawful acts as alleged in the First Amended Complaint.

{B4542699}                                 1

2.      Defendants admit that venue is proper but denies any wrongdoing and the commission of any unlawful acts as alleged in the First Amended Complaint.

## PARTIES

3.      Upon information and belief, admitted.

4.      The proper Defendant is Orion Real Estate Services Southeast, LLC.

5.      Upon information and belief, admitted.

## STATEMENT OF FACTS

6.      Defendant admits that, in the past, it had contracts with HABD to manage various public housing facilities in the city of Birmingham, including Collegeville Center and Roosevelt City Apartments.

7.      Upon information and belief, admitted.

8.      Denied.

9.      Defendant admits that it contracted with Holt to perform various services at Collegeville Center and Roosevelt City Apartments.

10.      Defendant admits that James Goins is a white man who worked for Defendant as an Onsite Inspector. The remaining allegations of Paragraph 10 are denied.

11.      Defendant admits that Mario Garcia is a Hispanic man who works for Defendant. The remaining allegations in Paragraph 11 are denied.

12.      Denied.

{B4542699}                                    2

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Defendant admits that it paid Holt for all the work he properly completed.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32. Defendant admits that it paid Holt for all the work he properly completed. The remaining allegations in Paragraph 32 are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant admits that it is subject to Section 1981. The remaining allegations are denied as framed.

42. Paragraph 42 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

43. Paragraph 43 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

44.    Paragraph 44 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

## CAUSES OF ACTION

### CLAIM I: BREACH OF CONTRACT
### DEFENDANT ORION

45.    Defendant repeats and incorporates by reference its responses to Paragraphs 1-44 as if set forth in full herein.

46.    Defendant admits that it hired Plaintiff to complete various repair work at Collegeville Center and Roosevelt City Apartments. The remaining allegations of Paragraph 46 are denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the relief request in Plaintiff's First Amended Complaint be denied. The Defendant denies that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever and demands strict proof thereof. Moreover, except as expressly admitted, all material allegations of the First Amended Complaint are denied.

{B4542699}                                    5

## COUNT II: § 1981 RACIAL DISCRIMINATION
## ALL DEFENDANTS

51.    Defendant repeats and incorporates by reference its responses to Paragraphs 1-50 as if set forth in full herein.

52.    Admitted

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Paragraph 57 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the relief request in Plaintiff's First Amended Complaint be denied. The Defendant denies that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever and demands strict proof thereof. Moreover, except as expressly admitted, all material allegations of the First Amended Complaint are denied.

## CLAIM III: § 1981 RETALIATION
## AGAINST ALL DEFENDANTS

58.    Defendant repeats and incorporates by reference its responses to Paragraphs 1-57 as if set forth in full herein.

{B4542699}                                6

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Paragraph 63 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the relief request in Plaintiff's First Amended Complaint be denied. The Defendant denies that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever and demands strict proof thereof. Moreover, except as expressly admitted, all material allegations of the First Amended Complaint are denied.

## <u>CLAIM IV: § 1981 HOSTILE WORK ENVIRONMENT<br>AGAINST ALL DEFENDANTS</u>

64. Defendant repeats and incorporates by reference its responses to Paragraphs 1-63 as if set forth in full herein.

65. Denied.

66. Denied.

67. Paragraph 67 is not directed at this Defendant; thus, no response is required by this Defendant. To the extent a response is required, Defendant denies that it violated Section 1981 in any way.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the relief request in Plaintiff's First Amended Complaint be denied. The Defendant denies that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever and demands strict proof thereof. Moreover, except as expressly admitted, all material allegations of the First Amended Complaint are denied.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief sought in this Prayer for Relief, including subsections (a) – (f).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The First Amended Complaint is barred, in whole or in part, because the Defendant at all times acted in good faith, satisfied its legal duties, and acted prudently and as a reasonable person would in like circumstances.  To the extent the Defendant may have engaged in any of the conduct that Plaintiff has alleged, that conduct was justified and was undertaken with proper legal cause, in good faith, and with legitimate non-discriminatory, non-retaliatory motives.

{B4542699}                                                    8

## THIRD DEFENSE

The First Amended Complaint is barred, in whole or in part, because none of the damages alleged in the First Amended Complaint were caused, either legally, proximately, or directly, by any conduct or act of the Defendant. Plaintiff has suffered no damages as a result of any conduct alleged or attributed to the Defendant.

## FOURTH DEFENSE

The Plaintiff's alleged damages are barred in whole or in part by his failure to mitigate damages and by the doctrine of avoidable consequences.

## FIFTH DEFENSE

The Defendant expressly denies that Plaintiff is entitled to any relief whatsoever under 42 U.S.C. § 1981 or other federal or state laws.

## SIXTH DEFENSE

To the extent Plaintiff has filed for bankruptcy and failed to disclose his claims to the Bankruptcy Court, his claims are barred by estoppel and lack of standing.

## SEVENTH DEFENSE

The damages and relief sought in Plaintiff's prayers for relief are, in whole or in part, not legally authorized.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## NINTH DEFENSE

Any allegations of Plaintiff's First Amended Complaint not explicitly admitted in this Answer are denied, and strict proof is demanded to support Plaintiff's allegations.

## TENTH DEFENSE

Plaintiff's retaliation claim fails because retaliation was not the "but for" motive of the alleged adverse action.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Defendant relied upon legitimate, non-discriminatory, non-retaliatory factors in making decisions regarding Plaintiff's contracting with Defendant that were in no way related to Plaintiff's race or any protected conduct.

## TWELTH DEFENSE

Any damages that Plaintiff has allegedly suffered were caused in whole or in part by his own conduct.

## THIRTEENTH DEFENSE

To the extent applicable, Defendant specifically pleads that it is entitled to a setoff or offset in this matter.

## FOURTEENTH DEFENSE

Plaintiff's retaliation claim fails as there is no cause or link between Plaintiff's protected activity and the alleged adverse action.

## FIFTHTEENTH DEFENSE

The Defendant acted at all times in good faith and reasonably believed that its actions involving the Plaintiff did not violate any state or federal law.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to injunctive relief.

## SEVENTEENTH DEFENSE

The Defendant pleads all statutory limitations of liability and damages applicable to the claims asserted by Plaintiff.

## EIGHTEENTH DEFENSE

The Defendant specifically denies that Plaintiff is entitled to any declaratory relief, lost wages, reinstatement, injunctive relief, attorney's fees, costs of suit, interest, or any other relief requested, under the facts and circumstances of this case.

## NINETEENTH DEFENSE

The Defendant states that, even if the Plaintiff is able to prove that a prohibited factor motivated the Defendant's alleged adverse action, which the Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

{B4542699}                                11

## TWENTIETH DEFENSE

The Plaintiff's claims may be barred by the doctrine of waiver, laches, unclean hands, and/or estoppel.

## TWENTY-FIRST DEFENSE

The Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama and the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

An award of punitive damages in this case would be contrary to the Defendant's good faith efforts to comply with the law.

## TWENTY-THIRD DEFENSE

Plaintiff's retaliation claim fails as he did not engage in protected conduct.

## **RESERVATION OF DEFENSES**

The Defendant reserves the right to amend its Answer and assert further affirmative defenses as they become evident through discovery or investigation.

Respectfully submitted,

*s/ Breanna H. Young*

Breanna H. Young (ASB-9133-A52H)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
(205) 868-6000 – Telephone
byoung@starneslaw.com

M. WARREN BUTLER (ASB-3190-R56M)
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, AL 36602
Phone: (251) 433-6049
Fax: (251) 433-5901
wbutler@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF online filing system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Richard Allan Rice, Esq.<br>THE RICE LAW FIRM<br>115 Richard Arrington Jr. Blvd. N.<br>Birmingham, AL 35203 | Taffi S. Stewart, Esq.<br>M. Luke Bendall, Esq.<br>LLOYD, GRAY, WHITEHEAD & MONROE, PC<br>880 Montclair Road, Suite 100<br>Birmingham, AL 35213 |
| Jameria Johnson Moore, Esq.<br>SPERLING & MOORE PC<br>1037 22nd Street South, Suite 120<br>Birmingham, AL 35205 | |

*/s/ Breanna H. Young*

OF COUNSEL